UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAZANDY TRAMAINE DANIELS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-5465** |
| **UNITED STATES OF AMERICA, BRANDON S. LONG, DUANE A. EVANS** | **SECTION "H"(4)** |

### REPORT AND RECOMMENDATION

Before the Court is a **Motion to Dismiss (Rec. Doc. No. 8)** filed by the defendants seeking dismissal of the plaintiff's claims under Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction. The motion and the entire matter were referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e)(2)**, and **§ 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and(2)**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.     Factual Background

The plaintiff, Lazandy Daniels ("Daniels"), is a convicted federal inmate incarcerated in the Federal Correctional Institution in Pollack, Louisiana.[1] Daniels filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 against the defendants, the United States of America, Assistant United States Attorney Brandon S. Long, and Acting United States Attorney Duane A. Evans seeking to have the federal criminal charges brought against him dismissed.[2] He claimed that the prosecutors in the Eastern District of Louisiana were proceeding to trial against him on federal

---

[1] Rec. Doc. No. 9.

[2] Rec. Doc. No. 3. Pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), a person may bring claims against federal actors for violations of their federal constitutional rights in the same manner that state actors are made liable under § 1983.

drug charges without regard for a pending corruption investigation into misconduct within the New Orleans office of the DEA, including the DEA special agent involved in his case. He further asserted that Assistant U.S. Attorney Long fabricated a factual statement on May 12, 2017, and Acting U.S. Attorney Evans failed to train and supervise the assistant prosecutors in their official duties. Daniels requested his immediate release from the pending criminal charges due to the alleged violations of his constitutional rights. In a supplemental and amended complaint, Daniels further requested that disciplinary actions be taken against the prosecutors, and he be awarded $2 million for emotional distress.[3]

## II.     Federal Defendants' Motion to Dismiss (Rec. Doc. No. 8)

The defendants filed a motion seeking dismissal of Daniels's claims asserting that the claims are barred from review under the doctrine in *Heck v. Humphrey*, 512 U.S. 477 (1994). In addition, the defendants assert that the federal prosecutors enjoy absolute immunity or alternatively, at a minimum, qualified immunity from those claims not shielded by the absolute bar. Furthermore, the defendants urge that the Court lacks subject matter jurisdiction over the claims against the United States of America based on sovereign immunity and Daniels's failure to exhaust administrative remedies under the Federal Tort Claims Act. Daniels has not filed a response to the defendants' motion.

## III.    Standards of Review for Motions Pursuant to Fed. R. Civ. P. 12(b)(1)

Under Fed. R. Civ. P. 12(b), the Court may dismiss a complaint *inter alia* if it lacks jurisdiction over the subject matter or fails to state a claim upon which any relief may be granted. *See* Fed. R. Civ. P. 12(b)(1), (6). The same standard is applied for a motion to dismiss brought

---

[3]Rec. Doc. No. 5.

under either Rule 12(b)(1) for lack of jurisdiction or under Rule 12(b)(6) for failure to state a claim for which relief can be granted. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept all well-pleaded facts as true, viewing the complaint in the light most favorable to the plaintiff. *In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010); *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).

The Supreme Court, however, has declared that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted). Moreover, "'[f]actual allegations must be enough to raise a right to relief above the speculative level,'" and "[t]he plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Guidry*, 512 F.3d 177, 180 (5th Cir. 2007) (quoting *Bell Atl. Corp.*, 550 U.S. at 570). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (citations and quotation marks omitted).

In determining whether a complaint states a claim that is plausible on its face, the Court "draw[s] on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, as stated above, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 570). In order for a claim to be plausible at the pleading stage, the complaint need not

strike the reviewing court as probably meritorious, but it must raise "more than a sheer possibility" that the defendant has violated the law as alleged. *See Id*.

## IV.     Analysis

### A.     The *Heck* Doctrine

Broadly construed, Daniels alleges that he should be monetarily compensated and the federal drug charges against him dismissed due to the violations of his constitutional rights caused by the prosecutors' decision to proceed with the prosecution against him and Long's alleged falsification of a factual statement. He also claims that Evans failed to train the assistant prosecutors in their official duties and is liable to him on those grounds. The defendants move to have Daniels claims dismissed under the *Heck* doctrine.

The Supreme Court has made clear that a prisoner cannot bring a suit for monetary damages under § 1983 that challenges the validity of his conviction until such time as "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87; *see also Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995), *cert. denied*, 516 U.S. 851 (1995). In *Heck*, the Supreme Court held that a claim under § 1983 is barred if success in the suit would necessarily imply the invalidity of an outstanding criminal conviction or a prisoner's present confinement. This limitation on a § 1983 plaintiff avoids collateral attacks on convictions that are outstanding or final and valid. *Heck*, 512 U.S. at 484-85.

The rule in *Heck* applies to claims for injunctive and declaratory relief. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998). The rule in *Heck* applies to civil rights claims that implicate both state and federal convictions and involve state and

4

federal prisoners. *See Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994) (explaining that there should be "no distinction between state and federal prisoners and that the analysis of a federal prisoner's *Bivens*-type action which implicated his conviction 'should parallel the analysis used to evaluate state prisoners' § 1983 claims").

At the time this complaint was filed, Daniels was a pretrial detainee. The records of this Court reflect, however, that Daniels was convicted in this District Court on June 14, 2017, in Cr. Action 16-008"H" of conspiracy to distribute five kilograms or more of cocaine hydrochloride and 28 grams or more of crack cocaine base, distribution of a controlled substance, and possessing with intent to distribute or aiding and abetting possession with intent to distribute 28 grams or more of crack cocaine base.[4] He has since been sentenced to serve concurrent sentences of 240 months on each count.[5]

Daniels's conviction has not been reversed or called into question by a court of law in any of the ways addressed in *Heck*. It is clear as well that a judgment in Daniels's favor on his broad claims of wrongful prosecution and falsified factual statements by the prosecutor would necessarily imply the invalidity of his current federal conviction. Therefore, the *Heck* doctrine bars those claims until such time as that conviction is invalidated. *See Myers v. Swindle*, 454 F. App'x 322, 323 (5th Cir. 2011); *see also*, *Castellano v. Fragozo*, 352 F.3d 939, 959-60 (5th Cir. 2003) (claims of manufactured evidence and perjured testimony do not accrue until court dismisses the underlying criminal action).

For these reasons, Daniel's claims that the prosecutors should not have proceeded with the prosecution, false factual statements by the prosecutor, and his general challenges to the propriety

---

[4]Cr. Action 16-008"H," Rec. Doc. Nos. 303, 304.

[5]Cr. Action 16-008"H," Rec. Doc. No. 349.

of his current detention and conviction are barred by the *Heck* doctrine.[6]  *See Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996); *see also Anderson v. Galveston County Dist. Clerk*, 91 F. App'x 925 (5th Cir. 2004); *Kingery v. Hale*, 73 F. App'x 755 (5th Cir. 2003).

Similarly, his claims that Evans failed to train and supervise the assistant prosecutors are also barred by *Heck*. Supervisory officials, like Evans, cannot be held liable pursuant to § 1983 under any theory of respondeat superior simply because an employee or subordinate allegedly violated the plaintiff's constitutional rights. *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). Relevant to this case, a supervisory official may be liable for the acts of a subordinate if the plaintiff can establish that the supervisor either failed to supervise or train the subordinate, that a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights, and the failure to train or supervise amounted to deliberate indifference. *Smith v. Brenoettsy*, 158 F.3d 908, 911-12 (5th Cir. 1998). "Deliberate indifference in this context ordinarily requires a pattern of similar constitutional violations by untrained employees . . ." *Pierce v. Hearne Indept. Sch. Dist.*, 600 F. App'x 194, 199 (5th Cir. 2015) (quotation omitted) (citing *Connick v. Thompson*, 563 U.S. 51, 62 (2011); *Burge v. St. Tammany Parish*, 336 F.3d 363, 370 (5th Cir. 2003)). In the instant case, Daniels has suggested that Evans failed to properly train and supervise the assistant prosecutors in their unspecified "official duties" which led to his prosecution.

Assuming Daniels's claim is sufficient to at least present a supervisory claim for failure to train against Evans, the claim in this instance is barred by the *Heck* doctrine. For a claim of supervisory liability of this type to prevail, it is necessary that there be an underlying constitutional

---

[6]The Court notes that even if Daniels were still a pretrial detainee with the charges pending, the impact of the *Heck* doctrine would be the same, although the Court would have the option of staying the matter to await a conviction before dismissing the case. *See Mackey v. Dickson*, 47 F.3d 744 (5th Cir. 1995).

violation resulting from the supervisory official's failure to supervise or train. As discussed above, Daniel's claims of improper prosecution and falsified factual statements are not ripe before the Court under *Heck*, because resolution of those claims would necessarily call into question the veracity of his current confinement and conviction. It is well settled that, where the underlying claims against the subordinate officers are barred by *Heck*, the related claims against the supervisory officials also must be barred. *Payton v. Normand*, 599 F. App'x 190, 192 (5th Cir. 2015); *Walter v. Horseshoe Entertainment*, 483 F. App'x 884, 887 n.4 (5th Cir. 2012) ("The law is clear that *Heck* operates to protect employers sued for failure to train or supervise as well as liability for the wrongful acts of their agents.") (citing *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008)); *see also*, *Williams v. Town of Delhi*, No. 14-043, 2015 WL 868746, at *7 (W.D. La. Feb. 17, 2015) (Because supervisory claims require an underlying constitutional violation, when the underlying violation claim is barred by *Heck*, it cannot form the basis of a derivative supervisory claim.). Therefore, Daniels's supervisory/failure to train claims against Evans also are barred by the *Heck* doctrine.

For the foregoing reasons, the defendants' motion should be granted, and Daniels claims challenging the veracity of his current confinement and conviction must be dismissed with prejudice until such time as the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

### B.     Absolute Prosecutorial Immunity

In an additional argument, the defendants assert that Long and Evans enjoy absolute immunity from the suit brought by Daniels. In *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir.1994), the Fifth Circuit noted that it is appropriate for the district court to address absolute immunity before addressing the *Heck* bar when feasible. This Court addressed *Heck* first in this case because

of the broader scope of the *Heck* bar to the issues raised and injunctive relief sought, and now addresses immunity.

Daniels alleges that Assistant U.S. Attorney Long and Acting U.S. Attorney Evans acted improvidently in pursuing a conviction against him in light of the alleged investigation into misconduct by the DEA task force and agents involved in his case. Both defendants are entitled to immunity from suit for monetary damages on this issue.

Prosecutors are absolutely immune in their individual capacities from § 1983 liability for damages when the conduct complained of is "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Tasks in the judicial phase protected by prosecutorial immunity include a prosecutor's decision to file criminal charges. *Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009). Absolute prosecutorial immunity also protects prosecutors accused of intentional misconduct, including "knowingly us[ing] perjured testimony, deliberately withh[olding] exculpatory information, or fail[ing] to make full disclosure of all facts." *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979) (quoting *Prince v. Wallace*, 568 F.2d 1176, 1178-79 (5th Cir. 1978)); *see also Imbler*, 424 U.S. at 427 ("To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty."). The Fifth Circuit warns the courts against "pars[ing] the activities of a prosecutor incident to the bringing and trial of a case so closely, [otherwise] the cloak of immunity would be tattered." *Geter v. Fortenberry*, 849 F.2d 1550, 1555 (5th Cir. 1988).

Daniels complaint includes a general complaint that the prosecutors should not have proceeded with his prosecution and a specific claim that Long may have falsified a factual statement, though he provides no details. Nevertheless, the decision to charge a defendant and

proceed with a prosecution plainly falls within the ambit of the "judicial phase of the criminal process." *Goldstein*, 555 U.S. at 341.  The conclusory suggestion of misconduct presents nothing to establish that the absolute immunity due to Long has been overcome.  Thus, both Long and Evans are entitled to absolute immunity from suit for monetary damages in this case.[7]  *See, e.g., Imbler*, 424 U.S. at 431; *Quinn*, 326 F. App'x at 292.

For these reasons, the defendants' motion to dismiss should be granted and the claims against them in their individual capacity arising from their roles in the judicial phases of the prosecution be dismissed with prejudice.

        **C.**      **Claims Against the United States of America**

Daniels named the United States of America as a defendant in his original complaint.  He did not include this defendant in his supplemental and amended complaint.  Nevertheless, affording him every benefit of broad construction, the Court will consider the United States as a party and address the motion as applicable to this defendant which is consistent with the motion itself.  In doing so, the defendants argue that this Court lacks subject matter jurisdiction to consider the claims against the United States based on sovereign immunity and Daniels's failure to exhaust administrative review under federal law, including the Federal Torts Claims Act ("FTCA").

Sovereign immunity is a jurisdictional issue.  *See United States v. Mitchell*, 463 U.S. 206, 212 (1983).  "The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. N.D. ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983).  "Absent a waiver, sovereign immunity shields the Federal Government and its

---

[7]The Court finds that the prosecutors enjoy absolute immunity from the claims raised against them individually.  Therefore, the Court need not address the alternative qualified immunity argument.  Furthermore, in light of the *Heck* bar in place to review of his claims, it would not be appropriate at this time to address an immunity less than absolute.

...

agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Because federal sovereign immunity is jurisdictional in nature, the consent or waiver must be unequivocal and express. *Freeman v. United States*, 556 F.3d 326, 335 (5th Cir. 2009).

It is well recognized that "the FTCA waives sovereign immunity and permits suits against the United States sounding in state tort for money damages." *Freeman*, 556 F.3d at 335; *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214 (2008); *see also* 28 U.S.C. §§ 1346(b)(1), 2671-2680. The waiver of sovereign immunity under the FTCA is construed narrowly, and any ambiguity is resolved in favor of the United States. *See Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016). "Courts consider whether the FTCA applies via a Rule 12(b)(1) motion, because whether the government has waived its sovereign immunity goes to the court's subject matter jurisdiction." *Id*.

"To state a claim under the FTCA, a plaintiff has the burden of stating a claim for a state-law tort and establishing that the discretionary function exception does not apply." *Spotts v. United States*, 613 F.3d 559, 569 (5th Cir. 2010). In addition, to successfully sue under the FTCA, a claim must be: (1) against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission of any employee of the federal government; (5) while acting within the scope of his or her employment; and (6) under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the state law where the act or omission occurred. 28 U.S.C. § 1346(b); *Meyer*, 510 U.S. at 477-78.

In this case, Daniels has not successfully alleged a claim under the FTCA and has failed to establish a waiver of sovereign immunity. First, Daniels has not sought monetary damages against the United States; he has only sought monetary damages against Long and Evans in the

10

supplemental and amended complaint. In addition, Daniels has not alleged that a state tort has occurred; he alleges only violations of his constitutional rights arising from his criminal prosecution. It is well settled, however, that constitutional tort claims are not cognizable under the FTCA. *See Sampson v. United States*, 73 F. App'x 48, 49 (5th Cir. 2003); *accord Meyer*, 510 U.S. at 477 ("Meyer's constitutional tort claim is not 'cognizable' under § 1346(b) because it is not actionable under § 1346(b) - that is, § 1346(b) does not provide a cause of action for such a claim.") The FTCA's waiver of sovereign immunity applies "only if Louisiana law would afford the plaintiff a cause of action against a private individual for the same conduct." *Moore-Bey v. Cartrette*, No. 15-CV-1199, 2015 WL 5608194, at *6 (W.D. La. July 16, 2015), report and recommendation adopted, 2015 WL 5611141, at *1 (W.D. La. Sept. 23, 2015). Thus, the United States of America has not waived its sovereign immunity and is not liable under the FTCA for the constitutional wrongs alleged by Daniels.

In addition, even if a claim has been asserted under the FTCA, Daniels has not exhausted administrative remedies to give jurisdiction to a federal court. The law is clear that a plaintiff must exhaust administrative remedies before filing suit under the FTCA. *See McNeil v. United States*, 508 U.S. 106, 112-13 (1993); *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995). The exhaustion requirement is set for in 28 U.S.C. § 2675(a), which provides, in relevant part as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

11

Absent compliance with the statute's exhaustion requirement, a federal district court is without jurisdiction to consider any claims under the FTCA. *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989). Therefore, this court lacks subject matter jurisdiction over any tort actions against the United States, and these claims should be dismissed without prejudice. *Jackson v. United States Dep't of Housing & Urban Development*, 116 F.3d 477 (5th Cir. 1997) (when a plaintiff fails to satisfy the FTCA's jurisdictional prerequisites, "the district court lack[s] the jurisdiction to render a decision on the merits; the case is therefore properly dismissed without prejudice.").

### V.     Recommendation

It is therefore **RECOMMENDED** that the defendants' **Motion to Dismiss (Rec. Doc. No. 8)** be **GRANTED**.

It is **FURTHER RECOMMENDED** that and Daniels's § 1983/*Bivens* claims against the United States of America be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

It is **FURTHER RECOMMENDED** that Daniels's §1983/*Bivens* claims based on wrongful decision to pursue criminal charges against the defendants Assistant United States Attorney Brandon S. Long, and Acting United States Attorney Duane A. Evans, be **DISMISSED WITH PREJUDICE** based on absolute prosecutorial immunity.

It is **FURTHER RECOMMENDED** that Daniels's §1983/*Bivens* claims challenging his detention, pretrial criminal proceedings, and conviction based on false factual statements and failure to train against the defendants Long and Evans be **DISMISSED WITH PREJUDICE** until such time as the *Heck* conditions are met.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[8]

New Orleans, Louisiana, this 27th day of February, 2018.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[8]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.